MDR

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | No. CR 07-936-PHX-DGC |
| Plaintiff, ) | No. CV 08-174-PHX-DGC (JRI) |
| v. ) | **ORDER** |
| Gerardo Cota-Soto, ) | |
| Defendant/Movant. ) | |

On January 28, 2008, Movant Gerardo Cota-Soto, who is confined in the Correctional Institution-California City in California City, California, filed a *pro se* "Motion for Time Reduction by an Inmate in Federal Custody under Title 28 U.S.C. § 2255." In a February 4, 2008 Order, the Court denied the motion because it was not filed on the court-approved form. The Court allowed Movant 30 days to file an amended motion on the court-approved form.

On February 15, 2008, Movant filed an Amended Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. The Court will summarily dismiss the Amended Motion.

**I.     Procedural History**

Pursuant to a plea agreement, Movant pled guilty to Illegal Re-entry after Deportation, in violation of 8 U.S.C. § 1326(a), enhanced by § 1326(b)(2). The plea agreement provided for a sentencing range of 12 to 71 months. On December 3, 2007, the Court sentenced Movant to a 24-month term of imprisonment followed by 3 years on supervised release.

1    Movant seeks a reduction of his sentence. He argues that his Fourteenth Amendment
2 equal protection rights and his Fifth Amendment due process rights are being violated
3 because as a deportable alien, he is ineligible for a one-year sentence reduction for attending
4 a drug treatment program during incarceration, for early release to a half-way house, a
5 "Unicor job," and a "six month/10% date."

6 **II.    Summary Dismissal**

7    A district court must summarily dismiss a § 2255 application "[i]f it plainly appears
8 from the motion, any attached exhibits, and the record of prior proceedings that the moving
9 party is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Proceedings for the
10 United States District Courts.  When this standard is satisfied, neither a hearing nor a
11 response from the government is required. See Marrow v. United States, 772 F.2d 525, 526
12 (9th Cir. 1985); Baumann v. United States, 692 F.2d 565, 571 (9th Cir. 1982).

13    In this case, the record shows that summary dismissal under Rule 4(b) is warranted
14 because Movant has waived the right to bring a § 2255 motion.[1]

15 **III.   Waiver**

16    Movant has waived challenges to his sentence. The Ninth Circuit Court of Appeals
17 has found that there are "strict standards for waiver of constitutional rights." United States
18 v. Gonzalez-Flores, 418 F.3d 1093, 1102 (9th Cir. 2005). It is impermissible to presume
19 waiver from a silent record, and the Court must indulge every reasonable presumption
20 against waiver of fundamental constitutional rights. United States v. Hamilton, 391 F.3d
21 1066, 1071 (9th Cir. 2004). In this action, Movant's waiver was clear, express, and
22 unequivocal.

23    Plea agreements are contractual in nature, and their plain language will generally be
24 enforced if the agreement is clear and unambiguous on its face. United States v. Jeronimo,
25 398 F.3d 1149, 1153 (9th Cir. 2005). A defendant may waive the statutory right to bring a
26 § 2255 action challenging the length of his sentence. United States v. Pruitt, 32 F.3d 431,

27 ───────────────
28    [1]In addition, the Ninth Circuit explicitly rejected Movant's equal protection argument in McLean v. Crabtree, 173 F.3d 1176, 1185-86 (9th Cir. 1999).

433 (9th Cir. 1994); <u>United States v. Abarca</u>, 985 F.2d 1012, 1014 (9th Cir. 1992). The only claims that cannot be waived are claims that the waiver itself was involuntary or that ineffective assistance of counsel rendered the waiver involuntary. <u>See</u> <u>Washington v. Lampert</u>, 422 F.3d 864, 871 (9th Cir. 2005) (holding that a plea agreement that waives the right to file a federal habeas petition pursuant to § 2254 is unenforceable with respect to an ineffective assistance of counsel claim that challenges the voluntariness of the waiver); <u>Pruitt</u>, 32 F.3d at 433 (expressing doubt that a plea agreement could waive a claim that counsel erroneously induced a defendant to plead guilty or accept a particular plea bargain); <u>Abarca</u>, 985 F.2d at 1014 (expressly declining to hold that a waiver forecloses a claim of ineffective assistance or involuntariness of the waiver); <u>see also</u> <u>Jeronimo</u>, 398 F.3d at 1156 n.4 (declining to decide whether waiver of all statutory rights included claims implicating the voluntariness of the waiver).

As part of his plea agreement, Movant made the following waiver:

> Defendant waives any and all motions, defenses, probable cause determinations, and objections which defendant could assert to the information or indictment, or to the court's entry of judgment against defendant and imposition of sentence upon defendant, provided the sentence is consistent with this agreement. **Defendant further waives**: (1) any right to appeal the court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); and (**3) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack**. Defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack defendant might file challenging his conviction or sentence in this case.

(Doc. #22) (emphasis added). Movant indicated in his plea agreement that he had discussed the terms with his attorney, agreed to the terms and conditions, and entered into the plea voluntarily. (Doc. #22).

Movant's assertions in his amended § 2255 motion do not pertain to the voluntariness of the waiver. Movant expressly waived issues regarding the imposition of sentence and expressly waived the right to bring a § 2255 motion. The Court accepted his plea as voluntarily made. Consequently, the Court finds that Movant waived the issues raised in his

1 amended § 2255 motion.  Thus, the Court will summarily dismiss the amended motion.
2 Accordingly,
3     **IT IS ORDERED** that the Amended Motion under 28 U.S.C. § 2255 to Vacate, Set
4 Aside or Correct Sentence (Doc. #26 in CR 07-936-PHX-DGC) is **denied** and that the civil
5 action opened in connection with his original Motion (CV 08-174-PHX-DGC (JRI)) is
6 **dismissed with prejudice**.  The Clerk of Court must enter judgment accordingly.
7     DATED this 11th day of March, 2008.

*David G. Campbell*
David G. Campbell
United States District Judge